IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

WILLIAM APODACA-FISK,
*PLAINTIFF*

V.

Case No. 3:19-CV-259

GREG ALLEN, in his official capacity as
Chief of the El Paso Police Department,
&
JOHN DOE, an El Paso Police Department
Officer in his individual capacity,

*DEFENDANTS*

## PLAINTIFF'S ORIGINAL COMPLAINT
## & JURY DEMAND

### Introduction

This civil action arises from the improper inclusion of Plaintiff into Texas's gang database (hereinafter "TXGANG"). This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. §2201, and the First, Second, Fifth, and Fourteenth Amendments of the United States Constitution. Plaintiff seeks declaratory relief that Plaintiff's inclusion in TXGANG was improper, violates his right to associate, attaches a stigma with legal disabilities (including deterring travel and preventing him from exercising his Second Amendment rights), Texas Code of Criminal Procedure article 67.054(b)(2)(C) is unconstitutionally vague and overbroad, and Texas Code of Criminal Procedure articles 67.202 and 67.203 violate substantive and procedural Due Process.

1

## Jurisdiction and Venue

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and §1343. Venue in this Court is appropriate under 28 U.S.C. §1391(b).

## Plaintiff

2.      Plaintiff William Apodaca-Fisk (hereinafter "Fisk") is an adult resident of Las Cruces, New Mexico.

## Defendant

3.      Defendant Greg Allen is the Chief of the El Paso Police Department and is sued in his official capacity. He acted under color of law. He may be served at 911 N. Raynor Street, El Paso, Texas 79903, or wherever he may be found.

4.      Defendant John Doe is an as-yet unidentified El Paso Police Department officer and is sued in his individual capacity. He acted under color of law. Once he is identified, he may be served at 911 N. Raynor Street, El Paso, Texas 79903, or wherever he may be found.

## About Command Sergeant Major Fisk

5.      Fisk is not now, nor has he ever been, a member of a criminal street gang. Fisk, who is 47 years old, is a native of Artesia, New Mexico. He joined the United States Army at the age of 17. He was in the Army for over 25 years and is currently retired.

6.      He served our country in eight combat deployments. He served with the 82nd Airborne Division, 101st Airborne Division, 7th Special Forces Group, 5th Special Forces Group, and the 1st Cavalry Division as the Combined Joint Task Force 1, Regional Command East, Afghanistan,

Operations Sergeant Major, and Senior Enlisted Mentor to the 503rd and 505th Afghan National Army Corps. His final assignment was as Executive Officer, United States Army Sergeants Major Academy, Fort Bliss, Texas before retiring in January of 2015.

7.     Command Sergeant Major Fisk has been recognized with numerous combat and service awards including the Legion of Merit, two awards of the Purple Heart, and five awards of the Bronze Star for Valor. He is a graduate of Sergeants Major Academy Class 60, has a Bachelor of Arts in Military History, a Master of Arts in Leadership, and is a Fellow at the Center for Army Leadership, United States Army Combined Arms Center.

8.     Fisk is married to a schoolteacher. Their four children include a schoolteacher, two undergrads at two universities, and a PhD candidate at an Ivy League University.

9.     Fisk is actively involved in his community. He is the Senior Board Advisor for Mesilla Valley Community of Hope (campus serving the homeless), and Co-Chair of Willie's Heroes Community Foundation for Wounded Warriors. He has worked to raise more than $500,000 for Las Cruces veterans with various organizations since retiring and, as a consequence, was awarded the Red Cross Regional Hero Award in 2016. He serves as a member of the Las Cruces Mayor's Veteran Advisory Board and serves as the Vice President of the Dona Ana County Humane Society. He is a board member of the Order of Purple Heart and National Association of Amputees.

10.    In terms of motorcycle clubs, he is an active member of a club and is involved in political work in the motorcycle club community. He currently serves as the President of the Squad Veteran Riders Motorcycle Club, which is involved in community, charitable, and political activities. **Not a single member of his club has any criminal history, all are Veterans, and the oldest member is 70 years old.** Formerly, he was the Commander of Chapter 47-1 Combat Veterans Motorcycle

3

Association. He is a board member of the National Council of (motorcycle) Clubs. And, he is the Chair for the Southern New Mexico Council of (motorcycle) Clubs since 2015.

11. The National Council of Clubs is an organization that facilitates an organized response to political and legal issues that impact the motorcycle club community. *See* https://councilofclubs.org/ The New Mexico Council of Clubs is likewise a politically oriented entity.

12. Fisk has never been arrested for any offense. He has never been pulled over for a traffic offense in Texas. In fact, his last traffic ticket *anywhere* was in New Mexico in 2008. He has never been detained by law enforcement in Texas. He has never been questioned by police in Texas. And, yet, he is in the TXGANG database, labeled as a gang member.

13. On information and belief, the El Paso Police Department included Fisk into the TXGANG database because he went to another motorcyclist's funeral in 2017 in El Paso, Texas.

**Statement of Facts**

*TXGANG – An Electronic Resource Wherein Only Gang Members Are Supposed to Be Input*

14. TXGANG is a statewide repository of records related to criminal street gangs and gang members. Federal, state, and local law enforcement agencies have access to TXGANG, including security officials at military bases. Anyone that "needs to know" also has access to the information in TXGANG. DPS defines those "needing to know" as those who have a "necessity to obtain or receive criminal intelligence information in the performance of an official duty or responsibility for a criminal justice agency," which may include a wide variety of individuals that are not themselves police officers or any official investigating any crimes. The gang designation automatically links to the DPS computerized criminal history records ("rap sheet") of the person put into TXGANG,

4

meaning, every time law enforcement runs someone's driver's license, the person is immediately considered a gang member by the officer running the license check. It can take as little as 60 seconds for a law enforcement officer to enter a person into TXGANG. Law enforcement officers that access the database can choose to be notified every time someone is included in TXGANG in their area.

15. Local law enforcement agencies must enter into an agreement with DPS in order to access TXGANG. The agency head[1], or his designee, of the local entity enters into the agreement with DPS. In the agreement with DPS, the local agency is deemed the responsible party for any improper submissions into TXGANG and is supposed to indemnify DPS from any improper inclusions. Part of that agreement is the requirement that the local agency will follow federal law applicable to such databases found in 28 CFR Part 23. *See Exhibit 1, attached and hereby incorporated by reference, a sample DPS Agreement.*

16. Under 28 CFR Part 23, guidelines are set forth to ensure that law enforcement entities that maintain databases like the one at issue here utilize the databases "in conformance with the privacy and constitutional rights of individuals." 28 CFR Part 23, §23.1. Under §23.20, a person's information should only be included in such a database "if there is a reasonable suspicion that the individual is involved in criminal conduct or activity and the information is relevant to that criminal conduct or activity." The Institute for Intergovernmental Research has put forth a pamphlet to explain these principles to local law enforcement. *See* https://www.iir.com/Documents/28CFR/28cfrpart23overviewbrochure2015.pdf

---

[1] Tex. Gov't Code §441.180(1) defines "agency head" as "the appointed or elected official who serves by the state constitution, state statute, or action of the governing body of a state agency as the chief executive and administrative officer of a state agency."

17. Pursuant to 28 CFR Part 23 and the DPS agreement, no one should be input into TXGANG based on political, religious, or other First Amendment activities unless the activity involves committing crime or posing a clear and present threat to public order and safety.

18. Chief Allen, pursuant to the TXGANG agreement with DPS, as the agency head for the El Paso Police Department, is the responsible party for any improper submissions into TXGANG made by his department.

*Fisk and Many Motorcyclists Attended a Funeral in 2017 with a Heavy Police Presence*

19. August 11-12, 2017, Fisk attended another motorcyclist's funeral at a Catholic church in El Paso, Texas. *See Exhibits 2 & 3, attached and hereby incorporated by reference, photographs of the service*.

20. The funeral was heavily surveilled by law enforcement, both on the ground and in the air via helicopter. Law enforcement took almost 4,000 photographs of the attendees and their motorcycles, frequently focusing on the license plates. Upon information and belief, they used the photographs of license plates to systematically identify people that attended the funeral[2]. Upon information and belief (since Fisk has not ever been stopped, detained, or arrested in El Paso), it was the license plate identification at this 2017 funeral that led to unidentified Officer John Doe of the El Paso Police Department inputting Fisk into TXGANG. Fisk was not involved in any criminal activity at the funeral. The Catholic church and cemetery are not known to be areas where criminal street gangs hang-out or commit crimes.

---

[2] Though, the identification would be tenuous at best because there is no guarantee that a person riding a particular motorcycle would as the registered owner for a wide variety of lawful reasons, like, for example, borrowing or renting.

21.     In 2019, after hearing of other motorcyclists being improperly input in TXGANG,[3] Fisk became curious. He contacted the Texas Department of Public Safety (hereinafter "DPS") online on July 14, 2019 and asked if his name was in TXGANG. DPS informed him on July 19, 2019 that his information was in fact in the TXGANG database, meaning Fisk had been input as a gang member. Fisk asked DPS which law enforcement agency input him into the database, and DPS responded on September 5, 2019 that the El Paso Police Department had done so. Before this exchange with DPS in 2019, Fisk did not know he was classified as a "gang member" in Texas.

22.     The club with which Fisk associates is not a criminal street gang, nor is it involved in any criminal activities. Fisk is not involved in any criminal activities. Neither the El Paso Police Department nor John Doe had a reason to believe Fisk or his club was involved in criminal activity.

23.     The inclusion of Fisk into TXGANG is defamatory, with several adverse legal consequences and legal disabilities, including but not limited to subjecting Fisk to a *Terry* pat-down every single time he is stopped for some minor traffic offense, like speeding, *see Arizona v. Johnson*, 555 U.S. 323 (2009), as well as being deprived of his Second Amendment rights pursuant to Texas Penal Code §46.02(a)(2)(C).

24.     The El Paso Police Department has arrested and sought charges for motorcycle club members, stopped for traffic violations and found to possess a firearm, for unlawful carry under Texas Penal Code §46.02(a)(2)(C). *See* https://councilofclubs.org/mpp/mc-members-being-arrested-for-unlawful-carry-without-cause/ and see https://www.kvia.com/crime/5-alleged-bandidos-gang-members-facing-weapons-charges/603318622

---

[3] See e.g. *Jason Medrano v. Hon. Javier Salazar*, 5:19-cv-549-DAE, pending in the San Antonio Division.

25. Fisk now avoids travel into Texas when possible, knowing he is classified by Texas law enforcement as a "gang member." Fisk holds a concealed carry permit, which should be reciprocated in Texas, but Fisk cannot carry a firearm when he is forced to travel into Texas for legitimate fear of being arrested for unlawful carry under Texas Penal Code §46.02(a)(2)(C). Fisk must travel to El Paso to receive extensive medical and mental healthcare through the VA, and to use retirement benefits at Fort Bliss. Fisk, fearing he will be profiled by El Paso law enforcement, usually has someone else drive him to his appointments in El Paso. Fisk occasionally travels by air. El Paso has the only convenient regional airport, requiring Fisk to travel into Texas or drive an additional four hours to Albuquerque, New Mexico.

26. Fisk's inclusion in TXGANG was done without regard to any legitimate law enforcement standards or intelligence or information. It was done without affording Fisk Due Process to challenge the inclusion before or after it was made. The El Paso Police Department failed to inform Fisk that he had been included in TXGANG or of any legal process he could follow to request his removal from the database. Without the relief sought herein, and subsequent removal from the database, Fisk will be stigmatized as a "gang member" until 2022.

27. Further, assuming that Officer John Doe inputted Fisk into the gang database based on photographs of him and his motorcycle, the statutory criteria for including someone into TXGANG requires more than mere use of words and symbols (like patches on motorcycle club vests or stickers on motorcycles). Texas Code of Criminal Procedure article 67.054(b)(2)(C) requires that **two** of the criteria be met before inputting the person. Neither Fisk's motorcycle club vest nor his motorcycle would support his inclusion into TXGANG. Even if they did, however, there was not a second criteria to support Fisk's inclusion into the database.

28. Fisk's inclusion in the TXGANG database means that any time Fisk's identification is checked by security or law enforcement, he will appear to be in a criminal street gang, affecting his reputation, right to carry a handgun in his vehicle, and his right to privacy during traffic stops. This includes passing through security to get onto military bases. Fisk has served his country and is decorated, but any security official responsible for security clearances will necessarily run across this erroneous gang classification, impacting Fisk's reputation on military bases.

29. The TXGANG entry related to Fisk is available to any and all law enforcement agencies, as well as those who have indirect access. DPS defines those "needing to know" as those who have a "necessity to obtain or receive criminal intelligence information in the performance of an official duty or responsibility for a criminal justice agency," which may include a wide variety of individuals in an entity that are not themselves police officers or investigating any crimes. *See Exhibit 4, attached and incorporated by reference, DPS's Operating Policies and Procedures*.

<u>Unconstitutionality of Articles 67.054, 67.202 & 67.203</u>

30. Texas Code of Criminal Procedure sets forth Submission Criteria for law enforcement to use when determining whether to input someone's information into the TXGANG database. Tex. Code. Crim. Proc. Art. 67.054.[4] To input someone into TXGANG, law enforcement may use a court judgment that includes a finding that the person committed the crime as a member of a criminal street gang, an admission in a judicial proceeding that the person admits to being in a criminal street gang,[5] or any **two** of the following:

---

[4] The criteria were formerly found in Article 61.02 of the Texas Code of Criminal Procedure.

[5] These first two criteria related to official court proceedings, wherein the person had counsel, the right to subpoena witnesses, cross-examine witnesses, and other procedural safeguards, are not challenged in this lawsuit.

  I. A self-admission by the individual of criminal street gang membership that is not made during a judicial proceeding, including the use of the Internet or other electronic format or medium to post photographs or other documentation identifying the individual as a member of a criminal street gang;

  II. an identification of the individual as a criminal street gang member by a reliable informant or other individual;

  III. a corroborated identification of the individual as a criminal street gang member by an informant or other individual of unknown reliability;

  IV. evidence that the individual frequents a documented area of a criminal street gang and associates with known criminal street gang members;

  V. evidence that the individual uses, in more than an incidental manner, criminal street gang dress, hand signals, tattoos, or symbols, including expressions of letters, numbers, words, or marks, regardless of how or the means by which the symbols are displayed, that are associated with a criminal street gang that operates in an area frequented by the individual;

  VI. evidence that the individual has been arrested or taken into custody with known criminal street gang members for an offense or conduct consistent with criminal street gang activity; among other criteria. Tex. Code Crim. Proc. Art. 67.054(b)(2)(C)(i)-(vi).

31. These Submission Criteria allow law enforcement to stigmatize people as criminal street gang members based on hearsay of informants – both reliable and unreliable. These criteria allow law enforcement to stigmatize people as gang members based on law enforcement interpretation of

tattoos, symbols, letters, numbers, words, marks, regardless of how they are made, or how old the symbolic speech may be.

32.     For Article 67.054(b)(2)(C)(i-viii), law enforcement may stigmatize someone as a gang member without an official judicial finding or any associated court proceeding. Further, they can stigmatize without any evidence that the person has been involved in a crime.[6]

33.     While Texas Penal Code §71.01(d) defines a "criminal street gang" as three or more persons having a common identifying sign or symbol or an identifiable leadership <u>who continuously or regularly associate in the commission of criminal activities</u>," the Submission Criteria for being input into the gang database are much broader than that definition. It allows for people who merely "associate" with those in a criminal street gang to be input into the database. In other words, someone who has never been arrested for any offense, nor has ever been in a gang, may be input into the gang database because he "associates" with someone that law enforcement has classified as a member of a criminal street gang. The dictionary defines "associate" as "to keep company with."[7] For example, undersigned counsel has an associational relationship with Fisk, who is in the gang database. And, counsel is attaching exhibits that include motorcycle club patches. Based on association and use of symbols, may counsel be input into the gang database?

34.     The statute does not allow for any pre-deprivation process before law enforcement inputs the

---

[6] This statement is based on the criteria. That said, 28 CFR Part 23 and the DPS agreement require a reasonable belief that the person is involved in criminal activity before inputting the person into TXGANG. On information and belief, though, law enforcement agencies, including El Paso PD, are systematically inputting people into TXGANG based on association alone without any intelligence or reason to believe the person is actually involved in criminal activity.

[7] Merriam-Webster, Webster's Ninth New Collegiate Dictionary 110 (1987).

person into the gang database. Instead, it allows for a pseudo post-deprivation process, wherein the person must request that the agency head review whether reasonable suspicion exists to believe that the information relating to the Submission Criteria is accurate and that it complies with the requirement that it must be relevant to the identification of an organization that is reasonably suspected of involvement in criminal activity. Tex. Code Crim. Proc. Art. 67.202(a)(1-2).[8]

35.     Article 67.202 does not provide the challenger a way of reviewing the reason why he was input into the database in the first place, nor a way to challenge the veracity of the information. If, after a secret review of the information, the agency head decides not to remove the person from the gang database, the agency head is supposed to inform the person in writing of that decision and inform the challenger of his right to file a petition in the district court for judicial review.

36.     Judicial review, however, is just a more expensive version of the "process" in Article 67.202. In Article 67.203[9], the person can file a petition in the state district court, incurring the typical filing fee of over $300, so that a judge can secretly review the same material the agency head reviewed, without disclosing the material to the petitioner. The petitioner is not permitted to call witnesses, cross-examine the state's witnesses, or otherwise engage in a meaningful challenge of his inclusion into the gang database. *See* Article 67.203(b)-(e). The judge is statutorily barred from disclosing the information to the petitioner. Without knowing what material the judge is looking at, the petitioner cannot challenge the veracity of any of the information the judge is reviewing. Note, there is no requirement in the statute that the material the judge views *in camera* be sworn, verified, or subject

---

[8] Formerly, Article 61.08.

[9] Formerly, Article 61.09.

to penalty for perjury.

37. Worse, however, the standard of review for the state district court judge is merely "reasonable suspicion." Tex. Code Crim. Proc. Art. 67.203(b)(1). To convict someone of the offense of speeding and assess a few hundred dollars fine, the standard is Beyond a Reasonable Doubt. To find someone negligent in a car accident and award monetary damages to the injured party, the standard is a Preponderance of the Evidence. To suspend someone's driver's license for 90 days after they were arrested for DWI, the standard is Probable Cause. The undersigned can find no use of the "reasonable suspicion" standard to deprive someone of money or any other right or privilege in a court proceeding, other than the gang database statute with its associated 5-year stigma.

38. Indeed, Texans receive more procedural protections – evidentiary hearings, cross-examination, discovery - before their driver's licenses are suspended after an arrest for driving while intoxicated than one does before incurring a 5-year stigma of being classified as a gang member. *See* Tex. Trans. Code, Chapter 524 – Administrative Suspension of Driver's License for Failure to Pass Test for Intoxication.

39. Article 67.054 gives law enforcement unbridled discretion to input individuals into the gang database based on vague criteria that do not require any proof of criminal activity. Articles 67.202 and 67.203 fail to provide Due Process to challenge one's inclusion into the gang database after it has been made. The stigma of being in the gang database chills Fisk's right to associate, affects his Second Amendment right to carry a handgun in his vehicle, and affects his right to privacy during traffic stops, supplying automatic reasonable suspicion to frisk him for weapons.

**Causes of Action**

40. Plaintiff incorporates by reference all the foregoing paragraphs, and asks that insofar as the

following theories of liability include additional factual allegations, those allegations be taken as true, and further alleges as follows:

41.     Chief Greg Allen, the policy maker for the El Paso Police Department's use of TXGANG pursuant to the DPS agreement, was deliberately indifferent to the rights of citizens in failing to properly train his officers as to what is and what is not a criminal street gang member for inclusion in the TXGANG database, and this lack of training caused Fisk to be input into TXGANG without any reason to believe he is a member of a criminal street gang, or that he is in any way involved in criminal activity, violating Fisk's right to associate protected by the First Amendment, infringing upon his right to travel protected by the Fifth and Fourteenth Amendments, infringing upon his right to carry a firearm protected by the Second Amendment, and his right to Due Process pursuant to the Fourteenth Amendment to the United States Constitution.

42.     Chief Greg Allen, the policy maker for the El Paso Police Department's use of TXGANG via the DPS agreement, was deliberately indifferent to the rights of citizens in failing to properly train his officers as to the two Submission Criteria requirement under 67.054(b)(2)(C), and this lack of training caused Plaintiff to be input into TXGANG based on a single (questionable) criteria from Article 67.054(b)(2)(C)(v) without an additional criteria to support his inclusion into the database, violating Fisk's right to associate protected by the First Amendment, right to travel protected by the Fifth and Fourteenth, his right to carry a firearm protected by the Second Amendment, and his right to Due Process pursuant to the Fourteenth Amendment.

43.     Officer John Doe intentionally, knowingly, recklessly, or with deliberate indifference to the rights of Fisk caused Fisk to be improperly input into TXGANG when there was no reason to believe Fisk was involved in criminal activity or was a member of a criminal street gang, in violation of

Texas Code of Criminal Procedure article 67.052(a) and 28 CFR Part 23, violating Fisk's right to associate protected by the First Amendment, right to travel protected by the Fifth and Fourteenth, his right to carry a firearm protected by the Second Amendment, and his right to Due Process pursuant to the Fourteenth Amendment.

44. Officer John Doe intentionally, knowingly, recklessly, or with deliberate indifference to the rights of Fisk caused Fisk to be improperly input into TXGANG based on Fisk's involvement in First Amendment protected activity – attending religious services related to a funeral, in violation of Texas law and 28 CFR Part 23 and violating the First Amendment to the United States Constitution.

45. Officer John Doe intentionally, knowingly, recklessly, or with deliberate indifference to the rights of Fisk caused Fisk to be improperly input into TXGANG resulting in stigma plus altering Fisk's legal status, as he cannot carry a firearm in Texas and he is deterred from traveling into Texas. *See Paul v. Davis*, 424 U.S. 693, 711 (1976).

## Declaratory Relief

46. Plaintiff realleges the material facts stated in the preceding paragraphs against Defendants. Plaintiff seeks a declaration pursuant to 28 U.S.C. §2201 that

    A. Defendant Chief Allen's failure to train deprived Plaintiff of Substantive and Procedural Due Process and violated his First, Second, and Fifth Amendment protected rights by

        i. allowing for Plaintiff's input into the database when he was not a member of a criminal street gang,

        ii. allowing for Plaintiff's input into the database when he could only *arguably* have met one of the two required criteria of Article 67.054(b)(2)(C),

15

      iii.    allowing for Plaintiff's input into the database when the information was not relevant to the identification of an organization that is reasonably suspected of involvement in criminal activity,

      iv.    failing to notify Plaintiff that he was input into TXGANG or that he may challenge the inclusion,

      vi.    failing to inform Plaintiff of the availability of judicial review.

B.    Plaintiff's association with his motorcycle club is protected by the right to associate in the First Amendment.

C.    Chapter 67 of the Texas Code of Criminal Procedure

      i.    is unconstitutionally vague and overbroad by attaching a 5-year stigma to mere association with someone in a criminal street gang,

      ii.    is unconstitutionally vague and deprives Texans of Due Process for its use of "association" in Article 67.054(b)(2)(C)(iv) and (v),[10]

      iii.    violates the First Amendment by permitting a stigma to attach based on mere association alone without regard to criminal activity, and

      iii.    deprives those input into Texas's gang database of Due Process because the post-deprivation process amounts to no process at all.

D.    Plaintiff's current status in the gang database violates the First, Second, Fifth and Fourteenth Amendments and that Plaintiff has been denied Due Process.

---

[10] Plaintiff has a right to be free from arbitrary enforcement of laws that are unconstitutionally vague, resulting in enforcement that is imprecise or that involve so many factors that the outcome under the law is unclear or unenforceable. *Cline v. Frink Dairy Co.*, 274 U.S. 445, 465 (1927).

## Damages

47. Plaintiff seeks declaratory relief.

## Demand for Jury Trial

48. Plaintiff respectfully requests a jury trial for any factual disputes.

## Relief

In light of the foregoing, Plaintiff requests Judgment against the Defendant as follows:

1. Reasonable costs, expenses, and attorney's fees pursuant to 42 U.S.C §1988(b), expert fees pursuant to 42 U.S.C. §1988(c);

2. A declaration that Defendant violated Plaintiff's Constitutional rights, pursuant to 28 U.S.C. §2201;

3. A declaration that the statute is unconstitutional, and

4. All such other relief to which Plaintiff is entitled.

Respectfully Submitted,
William Fisk, PLAINTIFF

By:
/s/ Millie L. Thompson
Millie L. Thompson
Texas State Bar Number:  24067974
*The Law Office of Millie L. Thompson*
1411 West Ave., Ste. 100
Austin, Texas 78701
Telephone: (512) 293-5800
Fax: (512) 682-8721
Email: millieaustinlaw@gmail.com