UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **WILLIAM APODACA-FISK,** § § § *Plaintiff,* § § v. § § **GREG ALLEN,** in his official capacity as § Chief of the El Paso Police Department, § **and JOHN DOE,** an El Paso Police § Department Officer in his individual § capacity, § § *Defendants.* § | Cause No.: EP-19-CV-00259-DCG |

## GREG ALLEN AND THE CITY OF EL PASO'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant GREG ALLEN and the City of El Paso Hereinafter ("Defendants"), by its undersigned counsel, answers plaintiff WILLIAM APODACA-FISK's complaint as follows:

## FACTS

1. This case concerns the Plaintiff being placed on the TXGANG database by the City of El Paso Police Department, specifically, by the "John Doe" police officers. On or about May 5th, 2019, the Plaintiff, Mr. Fisk, was placed on the database when he was identified as a member of a Bandidos Outlaw Motorcycle Gang support club. Plaintiff was placed on the database Pursuant to Chapter 67 of the Texas Code of Criminal Procedure when he met at least three of the statutory criteria for his inclusion: identification by a reliable informant, frequenting documented gang areas, and using gang dress hand signs tattoos or symbols. When a person meets at least three of the criteria in Tex. Code Crim. Proc. § 67.054 they are subject to being placed on the database as a known gang member or affiliate.

## ANSWER GENERALLY

2.      At this time, Defendants are without sufficient information to admit or deny the allegations in paragraphs 5 through 12 of the complaint as these paragraphs pertain to the personal information and life history of the Plaintiff, with whom the Defendants are not familiar.

3.      Defendants deny the allegations in paragraph 13 of the complaint.

4.      Defendants admit in part, and deny in part the allegations in paragraph 14 of the complaint. Defendants admit that TXGANG is a statewide depository of records related to criminal street gangs, and admit the provisions of law which generally govern TXGANG and its use, however the rest of Plaintiffs statements are argument, legal conclusions, and opinion, and Defendant denies those portions.

5.      Defendants admit the provisions of law which generally govern TXGANG and its use in paragraph 15 of the complaint, and deny the rest of Plaintiffs allegations.

6.      Defendants admit the provisions of Federal Law cited by Plaintiff in paragraph 16 of the complaint and deny the rest of Plaintiffs allegations.

7.      Defendants deny plaintiffs allegations in paragraph 17 of the complaint.

8.      Defendants admit the allegations in paragraph 18 of the complaint in that Chief Allen is the Chief of the Police Department, but deny the rest of Plaintiffs allegations.

9.      Defendants are without sufficient information to admit or deny the allegations in paragraph 19 of the complaint as they have no way of knowing whether the Plaintiffs statements are true.

10.     Defendants are without sufficient information to admit or deny the allegations in paragraph 20 of the complaint as they have no way of knowing whether the Plaintiffs statements are true.

11.     Defendants are without sufficient information to admit or deny the allegations in paragraph 21 of the complaint as they have no way of knowing whether the Plaintiffs statements are true,

Defendants deny any other allegations contained in paragraph 21 that arise from implication or inference.

12. Defendants deny the allegations in paragraph 22 of the complaint.

13. Defendants deny the allegations in paragraph 23 of the complaint.

14. Defendants deny the allegation in paragraph 24 of the complaint.

15. Defendants are without sufficient information to admit or deny the allegations in paragraph 25 of the complaint as they have no way of knowing whether the Plaintiffs statements are true.

16. Defendants deny the allegations in paragraph 26 of the complaint.

17. Defendants deny the allegations in paragraph 27 of the complaint.

18. Defendants deny the allegations in paragraph 28 of the complaint.

19. Defendants deny the allegations in paragraph 29 of the complaint

20. Defendants admit the provisions of law which govern TXGANG, and deny all other allegations in paragraph 30 of the complaint.

21. Defendants deny the allegations in paragraph 31 of the complaint.

22. Defendants deny the allegations in paragraph 32 of the complaint.

23. Defendants deny the allegations in paragraph 33 of the complaint.

24. Defendants deny the allegations in paragraph 34 of the complaint.

25. Defendants deny the allegations in paragraph 35 of the complaint.

26. Defendants deny the allegations in paragraph 36 of the complaint.

27. Defendants deny the allegations in paragraph 37 of the complaint.

28. Defendants deny the allegations in paragraph 38 of the complaint.

29. Defendants deny the allegations in paragraph 39 of the complaint.

## RESPONSE TO CAUSES OF ACTION

30. Plaintiff raises his primary claims against Defendants in paragraphs 41 through 45 of his complaint. Generally, Plaintiff asserts that Chief Allen (and by extension the City) was deliberately indifferent to the rights of Citizens by failing to train officers on the proper use of the TXGANG database, and that the John Doe Officers intentionally, knowingly, recklessly, or with deliberate indifference to the rights of Plaintiff, caused him to be improperly placed on the TXGANG database.

31. Defendants deny the allegations in paragraph 40 of the complaint.

32. Defendants deny the allegations in paragraph 41 of the complaint.

33. Defendants deny the allegations in paragraph 42 of the complaint.

34. Defendants deny the allegations in paragraph 43 of the complaint.

35. Defendants deny the allegations in paragraph 44 of the complaint.

36. Defendants deny the allegations in paragraph 45 of the complaint.

37. Defendants deny the allegations in paragraph 46 of the complaint.

## AFFIRMATIVE AND GENERAL DEFENSES

38. Much in this case is not in controversy. There is no real dispute that the Plaintiff has been included on the TXGANG database, and that the City of El Paso through its agents placed Plaintiff on that database. The actual nature of the controversy is about the manner of and reasons for Plaintiff's inclusion on the Database. Defendants would submit that their inclusion of the Plaintiff on the TXGANG database was pursuant to clearly defined statutory language which the Defendants, meaning the Chief Greg Allen, the El Paso Police Department, and the John Doe officers reasonably and properly relied upon. That language clearly permits them to include a person on the TXGANG database when certain criteria are met under Tex. Code. Crim. Proc. § 67.054. The Plaintiff in this case meets at least three of those requirements, he was identified by a

reliable informant, he frequents documented gang areas and associates with known criminal street gang members, and he has adopted gang dress, hand signs, tattoos or symbols in a more than incidental manner. As an affirmative defense the Defendants would argue that to the extent they did anything it was pursuant to a valid law in effect at the time when it was done.

## PLAINTIFFS MONELL CLAIM

39. Plaintiff raises a form of Monell claim. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 662, 98 S. Ct. 2018, 2021, 56 L. Ed. 2d 611 (1978). The essence of such a claim is that the governmental entity or its agents acting in their official capacity may be liable to a plaintiff where his constitutional harm/deprivation is driven by their custom policy or practice. The Plaintiff must therefore show that there was a municipal custom policy or practice that was the moving force behind his injury. This is a threshold consideration, and failure to establish the required elements will be fatal to a plaintiff's cause of action. Local governmental entities and their policy makers are not subject to vicarious liability for the acts of their employees, they are only liable for their own illegal acts. *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011).

40. Plaintiff's primary angle of argumentation against the Defendants is a failure to train and/or supervise claim, which derives from the pervasive custom theory in *Monell*. This is at best a tenuous assertion, where a claim is primarily for a failure to train the plaintiff must show something which amounts to deliberate indifference to the rights of persons with whom the employees come into contact with. See *Oklahoma City v. Tuttle,* 471 U.S. 808, 822–823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). In fact, it must be a deliberate or conscious choice, the entity or policy maker must be aware that there is a need to provide more training, and actively ignore that need. See *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989).

41.     Assuming arguendo that one of the unknown officers was subjectively indifferent, and thus violated the Plaintiffs rights, the governmental entity or official would still not be liable unless the employees act resulted from some official policy or imprimatur. *See Rocha v. Potter Cty.*, 419 S.W.3d 371, 379 (Tex. App. 2010); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999). Plaintiff does not allege Chief Allen was even aware of the situation, does not explain what policy or lack of policy the Chief allegedly did or did not propound, and only says officers were not trained, concluding summarily that the department and the chief have some policy of not requiring officers to follow the written requirements of Tex. Code Crim. Proc. § 67.054. For the Chief or the City to have liability in a § 1983 action the Plaintiff cannot rely solely on respondeat superior as they are attempting to do here. *See Cty. of El Paso v. Dorado*, 180 S.W.3d 854, 864 (Tex. App. 2005). "[M]unicipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers. *Pembaur v. Cincinnati,* 475 U.S. 469, 483–484, 106 S.Ct. 1292, 1300–1301, 89 L.Ed.2d 452 (1986). It does not suffice to show the injury complained of could have been avoided by more training, and it is not sufficient to show a mistake by an officer, as even adequately trained officers make mistakes, and those mistakes do not impose liability on the City or its Policymakers. See *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391, 109 S. Ct. 1197, 1206, 103 L. Ed. 2d 412 (1989). Unless the Plaintiff shows that the inadequacy of training was plainly obvious to policymakers, which Plaintiff has not done, the Plaintiff's claim must fail. *Harris*, 489 U.S. at 390, n.10.

42.     Further, the Plaintiff must show a prior pattern of similar constitutional violations which would put policymakers on notice that there was a need for more training. A single instance of misconduct or mistake is almost never sufficient to impose liability on a Municipality. See *Connick v. Thompson*, 563 U.S. 51 (2011). Here, Plaintiff does not allege any prior instances of similar

conduct, and only alludes to the fact that some gang members were apparently stopped by or arrested by the El Paso Police department, without expounding in any way on how those situations were analogous to the Plaintiffs claim, or whether they were or were not legal and constitutional actions.

## PRAYER

43. **WHEREFORE,** defendant GREG ALLEN and the City of El Paso respectfully requests that the Court:

    a. Enter judgment in GREG ALLEN and the City of El Paso's favor.

    b. Award GREG ALLEN and the City of El Paso its reasonable costs and fees.

    c. Grant GREG ALLEN and the City of El Paso such other and further relief as the Court deems just and proper.

44. Defendant GREG ALLEN and the City of El Paso demands a trial by jury on all issues triable by a jury.

Respectfully Submitted,

_____
Evan D. Reed
State Bar No.: 24093018
300 N Campbell St.
El Paso, TX 79901
Tel:  (915) 212-0033
Fax:  (915) 212-0034

_____
Abbie Mullin
State Bar No.: 24056765
300 N Campbell St.
El Paso, TX 79901
Tel: (915) 212-0033
Fax:  (915) 212-0033

Attorneys for Defendant City of El Paso.

## Certificate of Service

I, Evan D. Reed, do hereby certify that on April 3, 2020, Defendant's Answer to Plaintiff's Original Complaint was served on all parties of record via CM/ECF filing system.

_____
Evan D. Reed, Defendant's Attorney