**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **WILLIAM APODACA-FISK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:19-CV-00259-DCG** |
| | § | |
| **CHIEF GREGORY ALLEN, and** | § | |
| **FRANCISCO BALDERRAMA,** | § | |
| | § | |
| **Defendants.** | § | |

**DETECTIVE FRANCISCO BALDERRAMA'S RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDMENT CLAIMS IN HIS FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, El Paso Police Department Detective Francisco Balderrama (hereinafter "Detective Balderrama" or "Balderrama"), by and through his attorneys of record, and files this, his Motion to Dismiss Plaintiff's First Amendment Claims in his First Amended Complaint (hereinafter "Complaint"), pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), and in support thereof would show the Honorable Court as follows:

### I. MOTION TO DISMISS

**1.** Plaintiff William Apodaca-Fisk's (hereinafter "Plaintiff" or "Fisk"), claim for a violation of his First Amendment right to associate in his First Amended Complaint (Doc. #16, ¶¶ 48-50) should be dismissed as to Defendant Detective Balderrama because he fails to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009).

## II. BRIEF IN SUPPORT

### A.    INTRODUCTION

**2.**    In his Complaint, Plaintiff alleged as follows: Plaintiff was included into the TXGANG database, a statewide repository of records related to criminal street gangs and gang members. (Doc. #16, ¶¶ 13-14). Defendant Balderrama was identified by Chief Allen as the individual who input Fisk into the TXGANG database. (*id.*, ¶19), although it is not clear when or where Chief Allen made this identification. It is alleged that Defendant Balderrama input Fisk into the database on May 5, 2019. (*Id.*, ¶ 23). Fisk believed the El Paso Police Department included Fisk into the TXGANG database after he attended a funeral in 2017 in El Paso, Texas. (*Id.*, ¶13). Fisk alleged that there were only a few instances of him visiting El Paso in 2019 prior to being included in the TXGANG database on May 5, 2019. (*Id.*, ¶23). Fisk listed three trips into El Paso, where he attended court in El Paso to witness a court case for motorcycle club members, a medical procedure at the Veterans Administration hospital, and a medical appointment in which he "did NOT wear his motorcycle club vest or club identifiers." (*Id.*)(emphasis in original). Fisk contacted the Texas Department of Public Safety (hereinafter, "DPS") and was informed that his information was in the TXGANG database. (*Id.*, ¶25). Fisk alleged that due to being in the TXGANG database

2

he has removed motorcycle club stickers from his automobiles and
stopped attending monthly El Paso Motorcycle Coalition meetings.
(*Id.*, ¶44). Due to being in the TXGANG database he attends fewer
Texas Council of (motorcycle) Clubs & Independents (COC&I)
meetings and when he does he hides his motorcycle vest en route.
(*Id.*). Fisk and his club have refrained from attending a variety
of charitable and political events in El Paso that they had
attended in the past, including the annual Breast Cancer
Awareness run. (*Id.*) Fisk "believes that both he and his other
club members now must choose between exercising their First and
Second Amendment rights, resulting in a marked decline in the
number of times Fisk enters Texas for charitable and political
activities." *(Id.)*

**3.**    Plaintiff filed his Original Complaint on September 11,
2019, (Doc. # 1).  Defendant Allen filed his motion to dismiss
that Complaint.  (Doc. # 6).  The Court ruled on that Motion
granting in part and denying in part Chief Allen's Motion, (Doc.
#8), but granted Plaintiff leave to amend his Complaint. (*Id.*).
Plaintiff then filed his First Amended Complaint on May, 26,
2020, and included Defendant Balderrama. (Doc. # 16).

**B.    LEGAL STANDARD**

**4.**    Fed. R. Civ. P. 8 requires that a plaintiff provide "a short
and plain statement of the claim showing that the pleader is
entitled to relief."  Meanwhile, Fed. R. Civ. P. 12(b)(6)

contemplates dismissal for a plaintiff's "failure to state a claim upon which relief can be granted."

5.     According to the United States Supreme Court, a sufficient claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555.  In fact, a 12(b)(6) motion should be granted if a Plaintiff has not pleaded "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.  According to the Court, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. Accordingly, the test relayed by the Court holds that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

6.     A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely based on the pleadings. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 935 (5th Cir. 1988). The 5th Circuit Court of Appeals has developed two primary principles that guide their review of a complaint. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). First, "we must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in

favor of the Plaintiff. *Id.* However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Second, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 548. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* If the Plaintiff fails to allege enough facts to state a claim to relief that is plausible on its fact, and nudge their claims across the line from conceivable to plausible, their complaint must be dismissed. *Id.*

**7.**    Under Article III of the Constitution, a plaintiff must establish standing to sue to satisfy the "'Cases' and 'Controversies'" requirement, as "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B.*

*Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014). To establish Article III standing, an injury must be "concrete, particularized, and actual or imminent." *Clapper*, 568 U.S. at 409.

**8.** The Plaintiff alleges that his inclusion in the TXGANG database by Defendant Balderrama has violated his First Amendment right to associate. However, the Plaintiff has failed to show harm to satisfy the injury in fact requirement. *Houston Chron. Pub. Co. v. City of League City, Tex.*, 488 F.3d 613, 618 (5th Cir. 2007).

**C. RIGHT TO ASSOCIATE UNDER THE FIRST AMENDMENT**

**9.** The First Amendment protects the "right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984). The Supreme Court has referred to constitutionally protected "freedom of association" in two distinct senses. *Id.* at 617. The first involves the protections afforded to "enter into and maintain certain intimate human relationships" which must be secured against undue intrusion by the State. *Id.* at 617-618. In the second, the Supreme Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment, including speech, assembly, petition for the redress of grievances, and the exercise of religion. *Id.*

**10.**   The Supreme Court explained in *Healy v. James,* 408 U.S. 169 (1972), that it has "consistently disapproved governmental action imposing criminal sanctions or denying rights and privileges solely because of a citizen's association with an unpopular organization."  *Healy v. James,* 408 U.S. 169, 185-186 (1972). "[G]uilt by association alone, without establishing that an individual's association poses the threat feared by the Government, is an impermissible basis upon which to deny First Amendment rights." *Id.* at 186. However, a plaintiff cannot satisfy the injury in fact requirement necessary for a First Amendment violation by simply claiming a "chilling effect" from a governmental policy that does not regulate, constrain or compel any action on the part of the plaintiff. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 419 (2013).

**11.**   In this case, the Plaintiff's claim for a violation of his First Amendment right to associate stems from the second class of rights protected by the First Amendment. The Plaintiff alleged that due to his inclusion on the TXGANG database he "removed motorcycle club stickers from his vehicles. . . stopped attending monthly El Paso Motorcycle Coalition meetings. . . [and] hides his motorcycle vest en route." (Doc.# 16, ¶ 44). Additionally, the Plaintiff alleged that he and his club "refrained from attending a variety of charitable and political events in El Paso that they had attended in the past, including but not limited to

the annual Breast Cancer Awareness run." *Id.*

**12.**   As explained by this Court in its Memorandum Opinion and Order, (Doc. #8), the Plaintiff has still failed to allege any facts showing that the motorcycle clubs he associated with were harmed by the Plaintiff's inclusion into the TXGANG database. (Doc. #8, p. 12). Further, while the Amended Complaint stated activities that Fisk and the club members refrain from attending, it still did not allege exactly how the "stigma" objectively chills Plaintiff's right to associate and prevents him from participating in expressive activities protected by the First Amendment. As explained by this Court, since the TXGANG database does not appear to "regulate, constrain, or compel any action" on the part of the Plaintiff, then, an alleged chilling effect alone cannot constitute an injury in fact. (Doc. #8, p. 13)(citing to *Clapper*, 568 U.S. at 418).

**13.**   In *Roberts v. United States,* the Supreme Court listed different ways the government may unconstitutionally infringe upon the right to associate, including: the government seeking to impose penalties or withhold benefits from individuals because of their membership in a disfavored group; attempt to require disclosure of the fact of membership in a group seeking anonymity; or interfere with the internal organization or affairs of the group. Roberts v. United States Jaycees, 468 U.S. 609, 622-23 (1984).

8

**14.**   Unlike any of the ways listed by the Supreme Court, in this
case the inclusion of the Plaintiff in the TXGANG database does
not "regulate, constrain, or compel any action." *Clapper*, 568
U.S. 398, 419 (2013). As explained by the Supreme Court in
*Clapper,* a "chilling effect arising merely from the individual's
knowledge that a governmental agency was engaged in certain
activities or form the individual's concomitant fear that, armed
with the fruits of those activities, the agency might in the
future take some other and additional action detrimental to that
individual" would not rise to a constitutional violation. *Clapper
v. Amnesty Int'l USA*, 568 U.S. 398, 417-18 (2013). Allegations of
a subjective chill are not an adequate substitute for a claim of
specific present objective harm or a threat of specific future
harm. *Id.*

**15.**   The Plaintiff removed motorcycle club stickers from his
automobile, stopped attending monthly meetings and hides his
motorcycle vest because of his "concomitant fear that, armed with
the fruits of those activities, the [government] might in the
future take some other and additional action detrimental to
[him]." *Clapper,* 568 U.S. at 417-18. However, allegations of a
subjective chill are not sufficient to establish an injury in
fact. The Plaintiff has failed to properly plead an injury in
fact for his First Amendment claim.

**16.**   Finally, the Plaintiff in his Amended Complaint alleged that

Detective Balderrama violated the Plaintiff's First Amendment rights by improperly inputing his name in the TXGANG database when he attended religious services related to a funeral or escorting Veterans to the airport. (Doc. #16, ¶49). However, in the Plaintiffs Amended Complaint he stated that he attended a motorcyclist's funeral in 2017 in El Paso, and another around Aug 11-12, 2017. (Doc. #16, ¶13, 20). While he did allege it was heavily surveilled by law enforcement, as explained above there are no allegations that any individuals were "regulated, constrained or compel[led]" to any action by the government. *Clapper*, 568 U.S. at 418. The individuals all attended the services and there are no allegations sufficient to establish an injury in fact.

**17.** Similarly, the Plaintiff alleged that the improper input of his name in the TXGANG database violated his First Amendment rights when around May 1, 2019, Fisk participated in the Honor Flight escort for the seventh year in a row. (Doc. #16, ¶24). However, as stated by the Plaintiff, he was able to complete the ride and "he has never been pulled over for a traffic offense in Texas". (Doc. #16, ¶12, 24). These activities by the Plaintiff have not been "regulated, constrained or compel" any action by the Plaintiff. *Clapper*, 568 U.S. at 418. The Plaintiff attended and completed the charitable ride without ever being stopped by any law enforcement. There are no allegations sufficient to

establish an injury in fact.

WHEREFORE, PREMISES CONSIDERED, pursuant to the the Supreme Court's decisions in *Twombly*, *supra*, and *Iqbal*, *supra*, Plaintiff's claim for a violation of his First Amendment right to associate in his First Amended Complaint against Defendant Detective Balderrama is insufficient as a matter of law as it fails to overcome the heightened pleading standard required to sustain a cause of action under 28 U.S.C. §1983.  Detective Balderrama prays that the Court dismiss the claim for a violation of Plaintiff's First Amendment right to associate contained within Plaintiff's First Amended Complaint.

Respectfully submitted,

**JIM DARNELL, P.C.**
310 N. Mesa, Suite 212
El Paso, Texas 79901
Phone: (915)532-2442
Fax:     (915)532-4549


By: /s/ Jim Darnell
    **Jim Darnell**
    Jdarnell@jdarnell.com
    TX State Bar No. 05391250
    NM State Bar No. 148187

    **Jeep Darnell**
    Jedarnell@jdarnell.com
    TX State Bar No. 24075845
    NM State Bar No. 143950

    **Cris Estrada**
    Cestrada@jdarnell.com
    TX State Bar No. 24105845
    NM State Bar No. 151095

**Attorneys for**
**Detective Francisco Balderrama**


## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2020, a true and correct copy of the foregoing document has been electronically filed via the CM/ECF system.


    /s/ Jim Darnell
    Jim Darnell

12