UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **WILLIAM APODACA-FISK**, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | EP-19-CV-00259-DCG |
| | § | |
| **GREG ALLEN,** *in his official capacity as Chief of the El Paso Police Department* **and FRANCISCO BALDERRAMA**, *an El Paso Police Department Officer in his individual capacity*, | § § § § § | |
| *Defendants*. | § | |

## ORDER REQUIRING ADDITIONAL BRIEFING

Presently before the Court is Defendant Francisco Balderrama's ("Defendant Balderrama") "Rule 12 (b)(6) Motion to Dismiss Plaintiff's First Amendment Claims in his First Amended Complaint" (ECF No. 27) ("Motion") filed on August 13, 2020.  Having carefully reviewed the parties' arguments in their respective briefs and in light of new developments in the case law, the Court is of the opinion that additional briefing, along with case law research, is needed on certain issues.  The Court sets forth the briefing requirements in detail below.

### A.  INSTRUCTIONS

In filing their briefs in response to this Order, the parties shall comply with the following instructions:

A. Where a question requires a party to cite a case opinion that fits the description provided in the question, but the party is not able to find such an opinion—after conducting a **diligent** search on Westlaw or LexisNexis, **then it shall so state** in its brief.  Further, if the party finds such an opinion, but the opinion's holding is adverse to the party's position in the instant case, the party may include a brief explanation of why, if at all, the opinion is distinguishable from or inapplicable to this case.

B. Where a question requires a party to brief an issue (*i.e.*, make arguments), the party must cite to **on-point or closely relevant** (not remotely relevant) court opinions in support of its arguments.  For purposes of this instruction, a "closely relevant" court opinion is one

that involves <u>similar facts</u> as in this case on which the issue turns.  Further, citations should be to a Fifth Circuit opinion, if any, and if there is no such opinion, then to an opinion by another appellate court or a district court.  To the extent a party wishes to cite to a Supreme Court opinion, it must also cite to a lower court decision that interprets the relevant portion of the Supreme Court opinion in the same manner as the party does or applies to <u>similar facts</u> as in this case on which the issue turns.  **Mere attorney argument without citations to the above-mentioned authorities will not satisfy the party's duty to comply with this Order**.

### B.   TEX. PENAL CODE ANN. § 46.15(b)(6).

<u>Background:</u>

On September 11, 2019, Plaintiff brought this lawsuit, under 42 U.S.C. § 1983, against Defendants Chief of Police Greg Allen ("Defendant Chief Allen")—in his official capacity—and El Paso Police Department ("EPPD") Detective Francisco Balderrama—in his individual capacity—for violations of his rights secured by the First, Second, Fifth, and Fourteenth Amendments to the United States Constitution.  Am. Compl. at 1, ECF No. 16.  Specifically, Plaintiff alleges that Defendants improperly included him into Texas's law enforcement statewide gang database ("TXGANG").  *Id.*  Plaintiff seeks a declaration under 28 U.S.C. § 2201 stating that Plaintiff's inclusion in TXGANG database was improper because (1) it violates his right to associate; (2) it attaches a stigma with legal disabilities (including deterring travel and preventing him from exercising his Second Amendment rights); (3) Texas Code of Criminal Procedure Article 67.054(b)(2)(C) is unconstitutionally vague overbroad; and (4) Texas Code of Criminal Procedure Articles 67.202-.203 violate substantive and procedural Due Process.  *Id.* at 1, 17–20.

In his Amended Complaint, Plaintiff included, *inter alia*, the following relevant allegations:

> 29. Fisk now avoids travel into Texas when possible, knowing he is classified by Texas law enforcement as a "gang member." Fisk holds a concealed carry permit, which should be reciprocated in Texas, but Fisk cannot carry a firearm when he is

> forced to travel into Texas for legitimate fear of being arrested for unlawful carry under Texas Penal Code §46.02(a)(2)(C). . . .
>
> 43. . . . The stigma of being in the gang database chills Fisk's right to associate, affects his Second Amendment right to carry a handgun in his vehicle, and affects his right to privacy during traffic stops, supplying automatic reasonable suspicion to frisk him for weapons.

Am. Compl. ¶¶ 29, 43.  On August 13, 2020, Defendant Balderrama filed the instant motion to dismiss Plaintiff's right-to-associate claims for failure to state a claim.  *See* Mot. at 1, ECF No. 27.

While the instant motion was pending, the Court of Appeals of Texas in Amarillo decided two cases that appear relevant to Plaintiff's allegations against Defendants: (1) *Becker v. State*, 07-19-00286-CR, 2020 WL 4873870, (Tex. App. Aug. 19, 2020), *reh'g denied* (Sept. 22, 2020); and (2) *Martin v. State*, 07-19-00082-CR, 2020 WL 5790424, (Tex. App. Sept. 28, 2020). Particularly relevant here, in *Becker*, the court stated the following:

> [T]he statute underlying [t]his prosecution lies within Chapter 46, § 46.02 of the Penal Code.  Elsewhere in the very same chapter of the very same Code lies another provision. It provides that *"[s]ection 46.02 does not apply to a person who . . . is carrying . . . [both] . . . a license issued under subchapter H, Chapter 411, Government Code, to carry a handgun . . . and . . . a handgun . . . in a concealed manner . . . or . . . in a shoulder or belt holster." Id. § 46.15(b)(6)(A), (B)[.]* The potential impact of the latter statute upon the State's prosecution of Becker for violating a subpart of § 46.02 is apparent.  *If § 46.15(b)(6) means what it says, his having a license to carry may well remove him from the teeth of § 46.02(a-1)*.

*Becker*, 2020 WL 4873870, at *3 (emphasis added).  None of the parties ever cited or brought up Texas Penal Code § 46.15 in any of their filings relevant to the instant motion, or in any of their pleadings in this case for that matter.

In view thereof, the parties must file additional briefing to answer the following question:

> What implications, if any, do Texas Penal Code § 46.15, *Becker*, and *Martin* have in Defendant Balderrama's instant motion?

**Defendant Balderrama shall** respond to this question in an initial brief, in which he may also include additional arguments supplementing his instant motion.  **Plaintiff shall** respond to this question and offer any refutations he may have against Defendant Balderrama's arguments in a responsive brief.  After Plaintiff files his responsive brief, **Defendant Balderrama** may file a reply refuting the arguments in Plaintiff's responsive brief.  **Defendant Chief Allen** may request leave to join any of the arguments in Defendant Balderrama's filings.  **The parties must cite to a Fifth Circuit opinion, and if none, to any other federal or state court decision and other authorities that are relevant to the issue and support their respective position on the same**.

### C.  CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Francisco Balderrama **SHALL FILE by November 16, 2020,** an initial brief consistent with the instructions and orders mentioned elsewhere in this Order.

**IT IS FURTHER ORDERED** that Plaintiff William Apodaca-Fisk **SHALL FILE** a responsive brief, consistent with the instructions and orders mentioned elsewhere in this Order, **fourteen (14) days** after Defendant Francisco Balderrama files his initial brief.

**IT IS FINALLY ORDERED** that Defendant Francisco Balderrama **SHALL HAVE LEAVE** to file a reply, consistent with the instructions and orders mentioned elsewhere in this Order, **seven (7) days** after Plaintiff William Apodaca-Fisk files his responsive brief.

**So ORDERED and SIGNED this 2nd day of November 2020.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**