

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WILLIAM APODACA-FISK**, | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | **EP-19-CV-00259-DCG** |
| | § | |
| **GREG ALLEN,** *in his official capacity as* | § | |
| *Chief of the El Paso Police Department* **and** | § | |
| **FRANCISCO BALDERRAMA**, *an El* | § | |
| *Paso Police Department Officer in his* | § | |
| *individual capacity*, | § | |
| | § | |
| *Defendants*. | § | |

<u>**ORDER TO SHOW CAUSE**</u>

On this day, the Court *sua sponte* considered the above-captioned cause.  On December 21, 2020, the Court notified the parties of its intention to revisit its previous ruling in its "Memorandum Opinion and Order" (ECF No. 8) issued on January 13, 2020.  *See* Mem. Op. and Order at 23–25, ECF No. 38.  Specifically, the Court notified the parties that it wishes to revisit its conclusion that Plaintiff William Apodaca-Fisk ("Plaintiff") sufficiently alleged the existence of an injury and a ripe actual controversy resulting from his inclusion in the TXGANG database because such conclusion may no longer be viable in light of the recent intervening changes in controlling state law.  *Id.*  Accordingly, the Court ordered Defendants Greg Allen and Francisco Balderrama (collectively "Defendants") to file their initial brief  by January 11, 2021, and further ordered Plaintiff to file a responsive brief "**fourteen (14) days**" after Defendants filed their initial brief.  *Id.* at 25 (bold in original).

On December 31, 2020 (a federal holiday), Ms. Millie Thompson, then Plaintiff's counsel, moved to withdraw as counsel and for Mr. Kevin Connolly to substitute her as

Plaintiff's counsel.  Mot. for Substitution of Counsel, ECF No. 39.  In her motion, Ms.

Thompson represented the following to the Court:

> Counsel Millie Thompson was elected to the bench – Hays County Court at Law #3. She cannot practice law after 12/31/2020. Kevin Connolly is licensed to practice in this Court and agrees to abide by the current deadlines. Plaintiff William Apodaca Fisk consents to this substitution.

*Id.* at 1.  However, contrary to Ms. Thompson's representations, Mr. Connolly had not

been admitted to practice before this Court and needed to file a motion to appear *pro hac*

*vice* pursuant to Local Rule AT-1(f) before the Court even considered Ms. Thompson's

motion.

On January 4, 2021, after the end of the federal holiday season, the Clerk's Office

of this Court contacted Mr. Connolly's office to let him know of such requirement and

left a message with his legal assistant.  The next day, Mr. Connolly returned the Clerk's

Office phone call and advised that he would file his *pro hac vice* motion that afternoon or

the next morning.  The Court did not receive any submissions that week.

On January 11, 2021, Defendants filed their initial brief in compliance with the Court's

December 21st Order.  *See* Joint Mot. for Reconsideration, ECF No. 40.  The next day, Mr.

Connolly contacted the Clerk's Office stating that he was just retuning from leave and that he

would be submitting his *pro hac vice* motion and filing fee overnight.  The Clerk's Office

advised Mr. Connolly to submit the *pro hac vice* motion that same day because of the pending

motion to substitute.  The Court did not receive any submissions that week or the one after.

On January 25, 2021, the deadline for Plaintiff to timely file his responsive brief in

compliance with the Court's December 21st Order had expired.  Four days later, Mr. Connolly

contacted the Clerk's Office again and assured that he would be sending his *pro hac vice* motion

and filing fee that same day—a Friday.  The Clerk's Office finally received Mr. Connolly's

motion via FedEx this last Monday, on February 1, 2021, and docketed it the same day.  *See* Mot. to Appear Pro Hac Vice, ECF No. 41.  The next morning, the Court granted Mr. Connolly's *pro hac vice* motion and Ms. Thompson's motion to substitute.  *See* Order, ECF No. 42.

While Ms. Thompson had represented to the Court on December 31, 2020, that Mr. Connolly had "agree[d] to abide by the current deadlines", nearly *two weeks* have passed since the deadline for Plaintiff to file his responsive brief expired.  To date, the docket shows that Mr. Connolly has not filed anything relevant in compliance with the Court's December 21st Order.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff William Apodaca-Fisk **SHALL SHOW CAUSE <u>in writing</u>**, by **Wednesday**, **February 10, 2021**, before close of business, as to why he failed to file his responsive brief in compliance with the Court's December 21st Order.

**IT IS FURTHER ORDERED** that Plaintiff William Apodaca-Fisk **SHALL** file his responsive brief to Defendants' "Joint Motion for Reconsideration" (ECF No. 40) by **Wednesday**, **February 10, 2021**, before close of business.  **<u>No further extensions shall be granted.</u>**

**THE COURT CAUTIONS THAT FURTHER FAILURE COMPLY WITH THE COURT'S ORDERS, INCLUDING THIS ONE, MAY RESULT IN SANCTIONS AND DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST DEFENDANTS.[1]**

So ORDERED and SIGNED this 5th day of February 2021.

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* W.D. Tex. Local R. CV-7(e) (providing that if no responsive filing is filed within the time period prescribed, the Court may grant the pending motion as unopposed).