## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **WILLIAM APODACA-FISK**, | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | **EP-19-CV-00259-DCG** |
| | § | |
| **GREG ALLEN,** *in his official capacity as* | § | |
| *Chief of the El Paso Police Department* **and** | § | |
| **FRANCISCO BALDERRAMA**, *an El* | § | |
| *Paso Police Department Officer in his* | § | |
| *individual capacity*, | § | |
| | § | |
| *Defendants*. | | |

## ORDER DENYING RELIEF FROM JUDGMENT

Presently pending before the Court is Plaintiff William Apodaca-Fisk's "Opposed Rule 60(b) Motion for Relief from Judgment" ("Motion") (ECF No. 47), filed on April 9, 2021. Therein, Plaintiff asks the Court to vacate its February 16, 2021 Final Judgment dismissing this case without prejudice, to reinstate the case on the Court's docket, and to allow Plaintiff to file amend his complaint and file a responsive brief in compliance with the Court's December 21, 2020 Order.  Mot. at 4, ECF No. 47.

Federal Rule of Civil Procedure 60(b) states, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b); *McMillan v. MBank Ft. Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993).  "Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when 'a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) whe[n] the judge has made a substantive mistake of law or fact in the final judgment or order.'"  *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*,

528 F.3d 712, 722–23 (10th Cir. 2008) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)); *see also Benson v. St. Joseph Regl. Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) ("Our rule is that a Rule 60(b) motion may be used to rectify an obvious error of law, apparent on the record.") (quotation marks and citations omitted)).

Here, Plaintiff contends that he made an excusable litigation mistake in failing to abide by the Court's deadlines and orders because he states that the Court's electronic filing system (CM/ECF) delivered notice of the Court's orders to a previous email address belonging to Plaintiff's counsel and not his current one.  Mot. ¶ 14.  Plaintiff's counsel, Mr. Kevin Connolly, represents that sometime after the Court granted his motion to appear *pro hac vice* on February 2, 2021 (an order which he did receive in his current email address), CM/ECF essentially substituted counsel's current email address for the one he had back when he was previously admitted to the Western District of Texas.[1]  *Id.* ¶¶ 8–10; *see also id.*, Exs A, B, & C. Accordingly, Mr. Connolly represents that he neither received the Court's February 5, 2021 "Order to Show Cause" (ECF No. 44) nor any of the Court's subsequent filings.  *Id.* ¶ 11.  He further represents that he "only became aware of this case's dismissal when he attempted to file an amended [complaint] just prior to the deadline to file amendments to pleadings in March 2021."  *Id.* ¶ 13.

But after thoroughly reviewing the record, the Court disagrees that Plaintiff's failure to abide by its deadlines and orders is excusable.  On December 21, 2020, the Court notified the parties of its intention to revisit its previous ruling in its "Memorandum Opinion and Order" (ECF No. 8) issued on January 13, 2020.  *See* Mem. Op. and Order at 23–25, ECF No. 38. Specifically, the Court notified the parties that it wished to revisit its conclusion that Plaintiff had

---

[1] Mr. Connolly had been previously admitted to practice before this Court, but his admission expired by the time the motion to substitute was filed.

sufficiently alleged the existence of an injury and a ripe actual controversy resulting from his

inclusion in the TXGANG database because such conclusion may no longer be viable in light of

the recent intervening changes in controlling state law.  *Id.*  Accordingly, the Court ordered

Defendants Greg Allen and Francisco Balderrama (collectively "Defendants") to file their initial

brief  by January 11, 2021, and further ordered Plaintiff to file a responsive brief "**fourteen (14)**

**days**" after Defendants filed their initial brief.  *Id.* at 25 (bold in original).

On December 31, 2020 (a federal holiday), Mr. Connolly, using the CM/ECF credentials

of Ms. Millie Thompson (then Plaintiff's counsel), filed a motion to substitute himself for Ms.

Thompson as Plaintiff's counsel.[2]  Mot. for Substitution of Counsel, ECF No. 39.  In the motion,

Mr. Connolly represented the following to the Court:

> This is a civil rights case. The Court has ordered briefing on whether the Court's
> 12/21/2020 Order should apply to Plaintiff's Due Process related claims, and
> Plaintiff's response is due January 25, 2021, 14 days after the defendants' briefs,
> which are due January 11, 2021.
>
> Counsel Millie Thompson was elected to the bench – Hays County Court at Law
> #3. She cannot practice law after 12/31/2020. Kevin Connolly is licensed to practice
> in this Court **and agrees to abide by the current deadlines.** Plaintiff William
> Apodaca Fisk consents to this substitution.

*Id.* at 1 (emphasis added).  However, contrary to his own representations, Mr. Connolly had not

been admitted to practice before this Court and needed to file a motion to appear *pro hac vice*

pursuant to Local Rule AT-1(f) before the Court even considered the motion to substitute.

On January 4, 2021, immediately after the end of the federal holiday season, the Clerk's

Office of this Court contacted Mr. Connolly's office to let him know of such requirement and

---

[2] In its February 5, 2021 "Order to Show Cause" (ECF No. 44), the Court had initially noted that it was Ms. Thompson who had filed such motion to substitute because she was the only attorney on record for Plaintiff and the docket sheet indicated that she had filed it.  But upon closer review, nowhere does the motion include Ms. Thompson's signature and it only includes Mr. Connolly's.  As such, the Court attributes the motion and the representations therein to Mr. Connolly.

left a message with his legal assistant.  The next day, Mr. Connolly returned the Clerk's Office phone call and advised that he would file his *pro hac vice* motion that afternoon or the next morning.  The Court did not receive any submissions that week.

On January 11, 2021, Defendants filed their initial brief in compliance with the Court's December 21st Order.  *See* Joint Mot. for Reconsideration, ECF No. 40.  The next day, Mr. Connolly contacted the Clerk's Office stating that he was just retuning from leave and that he would be submitting his *pro hac vice* motion and filing fee overnight.  The Clerk's Office advised Mr. Connolly to submit the *pro hac vice* motion that same day because of the pending motion to substitute.  The Court did not receive any submissions that week or the one after.

On January 25, 2021, the deadline for Plaintiff to timely file his responsive brief in compliance with the Court's December 21st Order expired.  Four days later, Mr. Connolly contacted the Clerk's Office again and assured that he would be sending his *pro hac vice* motion and filing fee that same day—a Friday.  The Clerk's Office finally received Mr. Connolly's motion via FedEx this last Monday, on February 1, 2021, and docketed it the same day.  *See* Mot. to Appear Pro Hac Vice, ECF No. 41.  The next morning, the Court granted Mr. Connolly's *pro hac vice* motion and Ms. Thompson's motion to substitute.  *See* Order, ECF No. 42.

Between February 2nd and 5th, the Court gave Mr. Connolly the benefit of the doubt that he would immediately file the responsive brief the Court had ordered **nearly one month and a half before** and for which the deadline to file it had expired **eleven days before**.  But as Plaintiff appears to concede in his instant motion, Mr. Connolly filed nothing between those dates despite the Court granting his *pro hac vice* admission immediately after he finally submitted his application and motion after numerous reminders from the Clerk's Office.

As to why CM/ECF reverted back to delivering notice to Mr. Connolly's previous email address, the Clerk's Office has advised that, upon an attorney's readmission, CM/ECF reverts back to delivering notice to the attorney's previously registered contact information if that attorney does not either notify the Clerk's Office of his new contact information or he himself updates his account information directly in CM/ECF.

Arguably, Mr. Connolly's failure to update his contact information on CM/ECF may have been excusable.  **However**, Plaintiff and Mr. Connolly overlook the simple fact that Mr. Connolly **himself** represented to the Court in the motion to substitute, filed on December 31, 2020, that he "agree[d] to abide by the current deadlines", which ostensibly included the one set by the Court in its December 21st Order, ordering Plaintiff to file a responsive brief "**fourteen (14) days**" after Defendants filed their initial brief.  *See* Mem. Op. and Order at 25 (bold in original).  Indeed, Mr. Connolly himself briefly discussed such deadline in the motion, leaving no doubt that Plaintiff was aware he had to file the ordered responsive brief fourteen days after Defendants filed their initial brief.

Since Defendants timely filed their initial brief on January 11, 2021, then Plaintiff's deadline was January 25, 2021.  Yet, as Plaintiff readily concedes, Mr. Connolly barely mailed his *pro hac vice* application materials on January 29, 2021, and only after numerous reminders from the Clerk' Office.  At no point between January 4 (when the Clerk first contacted Mr. Connolly) and February 16 (when the Court issued its final judgment), did Plaintiff or Mr. Connolly ever even inquire about the possibility of a continuance to file the ordered responsive brief.  Indeed, as Plaintiff also readily concedes in his instant motion, Mr. Connolly "only became aware of this case's dismissal when he attempted to file an amended [complaint] just prior to deadline to file amendments to pleadings in March 2021."  Mot. ¶ 13.

To make matters worse, this admission and the relief Plaintiff requests in the instant motion—namely, to allow him *seven days* to file the ordered responsive brief—also strongly suggests that Plaintiff does not even have a working draft of the responsive brief that was due nearly **three months ago**.  As such, if anything, the record shows that Plaintiff's failure to abide by the Court's deadlines and orders cannot be attributed in any way to the supposed glitch in CM/ECF.   And finally, even if the Court were to find that Plaintiff's "mistake" was excusable, the Court is of the view that doing so would result in a significant amount of prejudice to Defendants, whom the record shows had nothing to do with Plaintiff's "mistake" and were timely abiding by the Court's orders and deadlines in comparison.

Accordingly, **IT IS ORDERED** that Plaintiff William Apodaca-Fisk's "Opposed Rule 60(b) Motion for Relief from Judgment" (ECF No. 47) is **HEREBY DENIED.**

**So ORDERED and SIGNED this 27th day of April 2021.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**